ERVIN, Justice
(dissenting in part):
F.S. Section 476.071(1) (h), F.S.A. requiring “a performance bond of ten thousand dollars guaranteeing the operation of such [barber] school or college for one year,” does not appear to me to be void for uncertainty. In simple business parlance it calls for a bond issued either by a licensed surety company or a surety bond with individual sureties having sufficient assets over personal exemptions to support the obligation. The obligee of such a bond is *613 the Barbers’ Sanitary Commission, the licensing authority. The obligation of the bond would protect any person, primarily enrolled students, sustaining financial loss because of the failure of the school or college to operate for one year after its license is issued.
F.S. Section 476.071 (2) (d), (e), (f) and (h), F.S.A., does not appear unconstitutional because of discrimination between sub- ' sections (d), (e) and (f) on the one hand and subsection (h) on the other. All that subsection (h) intends is that in barber schools or colleges operating on or before' June 15, 1959 the managers and teachers already employed in said schools or college on said date were grandfathered and such personnel would not be required to have or obtain the qualifications prescribed by subsections (d), (e) and (f). After 'June 15, 1959 newly employed managers or teachers in such existing barber colleges or ‘'schools would be required, as in all newly ’ licensed schools and colleges, to have the qualifications or comply with the requirements of subsections (d), (e) and (f). The exemption in subsection (h) from the requirements of subsections (d), (e) and (f) has reference to barber school or college personnel “engaged in the operation or conduct of any such school or college of barbering on or before June 15, 1959.” ,-
When the four subsections (d), (e), (f), and (h) are read together it is apparent that the purpose of (h) is to avoid retroactive application to personnel already employed in existing barber schools or colleges. Since in such context the words “engaged in the operation or conduct, etc.,” were used rather than “in existence on or before June 15, 1959,” it becomes apparent the then existing management and teaching faculty were intended to be exempted rather than the college or school itself from subsections (d), (e) and (f).
To further illustrate, it is illogical to say a shop is engaged in the operation or conduct of a shop, a bank is engaged in operating a bank, or a school is engaged in the conduct of a school; but it is logical to say a shopkeeper is engaged in operating and conducting a shop, a banker is engaged in operating a bank, and a teacher is engaged in the conduct of a school.
In all other respects I agree with the foregoing opinion.
THORN AL, C. J., concurs.